```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DINA SMITH                       :
          Plaintiff,             :      CIVIL ACTION
                                 :
     vs.                         :      NO. 04-CV-4092
                                 :
TEAM DODGE-KIA                   :
          Defendant              :
```

### MEMORANDUM AND ORDER

**JOYNER, J.**                                              **June 14, 2005**

This case is now before the Court for disposition of Plaintiff's Motion to Remand to the Court of Common Pleas of Philadelphia County. For the following reasons, the Motion shall be granted.

### Factual Background

According to the allegations set forth in the Complaint, Plaintiff purchased a 2001 Kia Spectra from Defendant on October 19, 2001. (Compl., ¶ 4). The total price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges was $23,455.55. (Id. at ¶ 5). The agreement between the parties included Defendant's acceptance of Plaintiff's 1999 Pontiac Sunfire for the trade-in value of $9,785.00. (Id. at ¶ 6). After contacting several financial institutions, Defendant arranged $15,663.73 in financing at an annual percentage rate of 10.25%. (Id. at ¶ 7). Accordingly, Plaintiff expected to pay $293.39 monthly to Chrysler Financial Corp., beginning in December 2001. (Id.).

On November 5, 2001, Defendant Salesman, Donovan Owens, contacted Plaintiff via telephone and requested that she return to the dealership to meet with Defendant's Business Manager, Jenny Chun. (Id. at ¶ 8).  When Plaintiff returned to the dealership that evening, Ms. Chun compelled Plaintiff to sign a new contract, indicating that the new total price of the vehicle, with finance and bank charges, was $25,521.23.  (Id. at ¶ 14). Moreover, the annual percentage rate was raised to 13.75%, and the expected monthly payments were $322.08.  (Id.).  Plaintiff requested to be released from the contract and have her original vehicle returned, but Defendant's representative informed Plaintiff that the dealership no longer had her vehicle in their possession.  (Id. at ¶¶ 11,12).

On July 21, 2004, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County.  Plaintiff's Complaint raises the following claims: common law conversion (Count I); violations of the Uniform Commercial Code (Count II); violations of the Pennsylvania Automotive Industry Trade Practices Act (Count III); violations of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law (Count IV); common law negligence (Count V); common law fraud (Count VI); and punitive damages (Count VII).  On August 9, 2004, Defendant timely removed the case to this Court on the grounds that Plaintiff's claims actually arise under federal law.  Plaintiff now moves to remand.

**<u>Standards Governing A Motion to Remand</u>**

The removal of actions from the state to the federal courts is governed by 28 U.S.C. § 1441.  Under subsection (a) of that statute,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

Under this statute, the propriety of removal therefore depends upon whether the case originally could have been filed in federal court.  <u>City of Chicago v. Intl. College of Surgeons</u>, 522 U.S. 156, 163 (1997).

All doubts as to the existence of federal jurisdiction must be resolved in favor of remand.  <u>Packard v. Provident Nat. Bank</u>, 994 F.2d 1039, 1044-45 (3d Cir. 1993); <u>Neff v. General Motors Corp.</u>, 163 F.R.D. 478, 480 (E.D. Pa. 1995).  The Third Circuit has interpreted this principle to mean that so long as "there is any doubt as to the propriety of removal, the case should not be removed to federal court."  <u>Dunson v. McNeil-PPC</u>, 346 F. Supp. 2d 725, 737 (E.D. Pa. 2004).  The burden of proof is on the party removing the case to show the presence of federal jurisdiction.  <u>Id.</u> (citing <u>Abels v. State Farm Fire & Casualty Co.</u>, 770 F.2d 26, 29 (3d Cir. 1985).

**Discussion**

As a general rule, absent diversity jurisdiction, a case is not removable if the complaint does not affirmatively allege a federal claim.  Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003).  The majority of cases removed to the federal courts under federal-question jurisdiction are those in which "federal law creates the cause of action."  Merrell Dow, 478 U.S. at 808.  In addition, a case may be removed to federal court "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  Id.  A case may not be removed to federal court, however, where federal law is not an "essential element" of the plaintiff's claims.  See In re Orthopedic Bone Screw Products Liability Litigation, 93 F. Supp. 398, 401 (E.D. Pa. 1996).  Similarly, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."  Fran. Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983).

When determining if the plaintiff asserts a federal claim, courts look to the "well-pleaded complaint" rule.  Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986).  Under this rule, federal-question jurisdiction only exists where an issue of federal law appears on the face of the complaint.  DiFelice v. Aetna/U.S. Healthcare, 346 F.3d 442, 445-46 (3d Cir. 2003).

4

Consequently, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Accordingly, a defendant cannot, merely by injecting a federal question into an action that assets what is plainly a state-law claim, transform the action into one arising under federal law.  Caterpillar, 482 U.S. at 399.

   Some courts have found that the "artful pleading doctrine" creates an exception to the well-pleaded complaint rule, and thus allows a suit to be brought in federal court although no federal cause of action exists on the face of the complaint.  See e.g. Wright v. Bond-Air, Ltd., 930 F. Supp. 300, 302 (E.D. Mich. 1996).  However, this exception only is available "when a plaintiff has 'artfully' pled her complaint to avoid stating the federal law claim her complaint is necessarily based upon."  Id. Specifically, plaintiff must have artfully pled her complaint in order to "disguise its federal nature."  Id.

   Defendant in this action fails to show that this Court has federal-question jurisdiction over any of Plaintiff's claims. First, on the face of the Complaint, all of Plaintiff's claims are based on Pennsylvania state law.  Therefore, removal is not justified under the well-pleaded complaint rule.  Second, Defendant fails to adequately support its assertion that proving violations of federal law, namely the Truth in Lending Act, is an essential element of Plaintiff's negligence claim.  Plaintiff's

negligence claim describes twenty-one ways in which Defendant acted unreasonably.  (Compl., ¶ 116).  Accordingly, Plaintiff's fleeting reference to Defendant's "[f]ailure to properly make Truth in Lending disclosures" does not convert Plaintiff's state law claim into one arising under federal law.  (See Id. at ¶ 116(j)).  Moreover, proving violations of Truth in Lending disclosures would not be necessary for Plaintiff to prevail on her negligence claim, as twenty other instances of negligent conduct are alleged.

    Finally, Defendant fails to demonstrate that Plaintiff used artful pleading to avoid stating the federal law upon which her Complaint is based.  All seven Counts contained in Plaintiff's Complaint are clearly grounded in Pennsylvania state law.  Furthermore, Plaintiff's brief reference to Truth in Lending disclosures does not sufficiently demonstrate an attempt to disguise the underlying federal nature of her claims.  For these reasons, this Court finds that remand is proper.  Accordingly, we grant Plaintiff's Motion.

    An order follows.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DINA SMITH                           :
          Plaintiff,                 :      CIVIL ACTION
                                     :
     vs.                             :      NO. 04-CV-4092
                                     :
TEAM DODGE-KIA                       :
          Defendant                  :
```

**ORDER**

AND NOW, this 14th day of June, 2005, upon consideration of Defendant Team Dodge-Kia's Notice of Removal (Document No. 1), Plaintiff Dina Smith's Motion to Remand (Document No. 18), and Defendant's response thereto (Document No. 19), it is hereby ORDERED that Plaintiff's Motion is GRANTED and the above matter is REMANDED to the Court of Common Pleas of Philadelphia County.


                                        BY THE COURT:


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER,  J.